UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-489-GWU

GLADYS K. MIDDLETON,                                                    PLAINTIFF,

VS.                                 **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

## INTRODUCTION

Gladys Middleton brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB).  The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

06-489  Middleton

        Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

        Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

06-489  Middleton

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-489  Middleton

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

6

such cases, the agency may be required to consult a vocational specialist.  <u>Damron</u> <u>v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of</u> <u>Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Middleton, a 48 year-old former paralegal, general office clerk and credit manager with a high school education, suffered from impairments related to mild bilateral cubital tunnel syndrome, morbid obesity, chronic back pain and a major depressive disorder.  (Tr. 13, 18).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 23-24).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

06-489  Middleton

The hypothetical question presented to Vocational Expert Jane Colvin-Robertson included an exertional limitation to medium level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally twist, handle, or crouch; (2) a "limited but satisfactory" ability to relate to co-workers and deal with the public; and (3) an inability to perform more than low stress work requiring only simple, one-, two-step instructions.  (Tr. 280).  In response, the witness identified a significant number of jobs which could still be performed.  (Tr. 281).  The ALJ then added a limitation concerning a need to avoid repeated reaching or resting the elbows on armrests or tables as well as a need to avoid repeated movement with the elbow.  (Tr. 282).  In response, the witness identified jobs which could still be done.  (Tr. 282-283).  Therefore, assuming that the vocational factors considered by the vocational expert fairly characterized Middleton's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. David Muffly examined Middleton on two occasions and opined that she would need to avoid repeated reaching or resting of the elbows on armrests and tables as well as a need to avoid repeated elbow movement.  (Tr. 174).  These factors were presented to the vocational expert. The staff at Baptist Regional Medical Center (Tr. 156-160), the staff at Knox County

Radiology (Tr. 161), Dr. Glena Uber (Tr. 162-168), and Dr. Abdulkader Dahhan (Tr. 183-185) did not identify the existence of more severe physical restrictions than those found by the ALJ.  Dr. Calixto Hernandez, a non-examining medical reviewer, did not believe that the plaintiff's physical problems were "severe." (Tr. 206).  These reports provide substantial evidence to support the administrative decision.

Dr. P.D. Patel examined Middleton and identified very severe physical limitations. (Tr. 251-254).  This opinion was offset by that of Dr. Muffly.  The doctor related these restrictions primarily to low back pain.  An MRI scan of the plaintiff's lumbar spine obtained at Knox County Radiology had been normal. (Tr. 161).  An x-ray of the lumbar spine taken at Baptist Regional revealed no abnormalities. (Tr. 156).  Dr. Muffly performed an orthopedic examination and he only noted limitations with regard to the arms and elbows.  Dr. Patel noted only modest physical findings on examination such as reduced deep tendon reflexes. (Tr. 248).  Sensation was intact for all modalities. (Id.).  Therefore, his opinion was properly rejected by the ALJ.

The ALJ also dealt properly with the evidence of record relating to Middleton's mental condition.  Psychologists Ilze Sillers (Tr. 186-187) and Ann Demaree (Tr. 207-208) each opined that the plaintiff would be "moderately" limited in maintaining attention and concentration, interacting with the general public and responding appropriately to work changes.  The mental factors of the hypothetical

question were essentially consistent with these restrictions.  The plaintiff was treated for her mental problems at the Cumberland River Comprehensive Care Center.  (Tr. 145-155, 227-242).  In October of 2004, the claimant's Global Assessment of Functioning (GAF) was rated at 80, suggesting the existence of only slight psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  When last seen in December of 2005, the patient was noted to be doing better, except when she ran out of medication.  (Tr. 228).  These reports provide substantial evidence to support the administrative decision.

Dr. Syed Raza examined Middleton and diagnosed a major depression.  (Tr. 171).  Dr. Raza rated her GAF at 65, suggesting the existence of only "mild" psychological symptoms. (Id.).  The examiner indicated that the plaintiff would have a "fair" ability in such areas as understanding simple instructions, maintaining concentration, and interacting socially.  (Tr. 172).  These limitations  were essentially compatible with those included in the hypothetical question.  The examiner also noted a "poor" ability to cope with stresses as well as difficulty completing tasks.  However, these appear to have been related to physical rather than mental problems.  Sillers, the state agency reviewer, opined that Dr. Raza's opinion was only entitled to partial weight because he combined both mental and physical symptoms in reaching his conclusions.  (Tr. 190).  An ALJ may rely upon

the opinion of a non-examiner who clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Therefore, under these circumstances, the ALJ acted properly.

Dr. Patel also identified extremely severe mental limitations.  (Tr. 255-256). He rated the plaintiff's GAF at 50, suggesting the existence of serious psychological symptoms.  (Tr. 249).  This was inconsistent with that of the treating source at Cumberland River as well as the findings of Dr. Raza.  Dr. Patel related his mental restrictions to both mental and physical conditions.  Therefore, his opinion was properly rejected by the ALJ.

Middleton argues that the ALJ erred by failing to cite specific reasons for his finding that her pain complaints lacked credibility.  However, the undersigned notes that the ALJ cited a number of reasons for this finding.  The ALJ noted complaints of headaches and chronic neck pain but the treatment records documented only isolated complains and no significant clinical findings.  (Tr. 19).  The plaintiff stated on the Function Report that she worked outside as much as possible.  (Tr. 20).  She reported being able to mow and trim trees to Dr. Muffly.  (Id.).  The ALJ noted that the treatment records and examination results did not reveal clinical evidence of disabled status.  (Tr. 20).  Therefore, the ALJ did provide specific reasons for his credibility finding and the Court must reject the plaintiff's argument.

06-489  Middleton

The undersigned concludes that the administrative decision must be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of August, 2007.

**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**